FILED
2009 Nov-17  AM 10:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

Christy J. Kennemer,              )
                                  )
              Plaintiff,          )
                                  )
        v.                        )     CIVIL ACTION NO. 09-G-0348-NE
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social Security,  )
                                  )
              Defendant.          )

## MEMORANDUM OPINION

The plaintiff, Christy J. Kennemer, brings this action pursuant to the

provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g),

seeking judicial review of a final adverse decision of the Commissioner of the Social

Security Administration (the Commissioner) denying her application for Social Security

Benefits.  Plaintiff timely pursued and exhausted her administrative remedies available

before the Commissioner.  Accordingly, this case is now ripe for judicial review under

205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the

Commissioner is supported by substantial evidence and whether proper legal standards

were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that

end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence."  Bloodsworth, at 1239 (citations

omitted).  Substantial evidence is "such relevant evidence as a reasonable person would

accept as adequate to support a conclusion." Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for

a period of disability, a claimant must be disabled.  The Act defines disabled as the

"inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than twelve

months . . . ."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  For the purposes of

establishing entitlement to disability benefits, "physical or mental impairment" is defined

as "an impairment that results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory

diagnostic techniques."  42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations

outline a five-step sequential process.  20 C.F.R. § 404.1520 (a)-(f).  The Commissioner

must determine in sequence:

    (1)    whether the claimant is currently employed;

    (2)    whether she has a severe impairment;

    (3)    whether her impairment meets or equals one listed by the Secretary;

    (4)    whether the claimant can perform her past work; and

(5)     whether the claimant is capable of performing any work in the
national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993); accord  McDaniel v. Bowen, 800 F.2d

1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she

will automatically be found disabled if she suffers from a listed impairment.  If the

claimant does not have a listed impairment but cannot perform her past work, the burden

shifts to the Secretary to show that the claimant can perform some other job."  Pope, at

477; accord Foot v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).

In the instant case, the ALJ, Earl C. Cates, Jr., determined the plaintiff met

the first two tests, but concluded  did not suffer from a listed impairment.  The ALJ found

the plaintiff unable to perform her past relevant work.  Once it is determined that the

plaintiff cannot return to his prior work, "the burden shifts to the [Commissioner] to show

other work the claimant can do."  Foote, at 1559.  When a claimant is not able to perform

the full range of work at a particular exertional level, the Commissioner may not

exclusively rely on the Medical-Vocational Guidelines (the grids).  Foote, at 1558-59.

The presence of a non-exertional impairment (such as pain, fatigue or mental illness) also

prevents exclusive reliance on the grids.  Foote, at 1559.  In such cases "the

[Commissioner] must seek expert vocational testimony.  Foote, at 1559.

## THE STANDARD FOR REJECTING THE TESTIMONY OF A
## TREATING PHYSICIAN

As the Sixth Circuit has noted:  "It is firmly established that the medical

opinion of a treating physician must be accorded greater weight than those of physicians

employed by the government to defend against a disability claim." Hall v. Bowen, 837
F.2d 272, 276 (6th Cir. 1988).  "The testimony of a treating physician must ordinarily be
given substantial or considerable weight unless good cause is shown to the contrary."
McGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); accord Elam v. Railroad
Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991).  In addition, the Commissioner
"must specify what weight is given to a treating physician's opinion and any reason for
giving it no weight ...." McGregor, 786 F.2d at 1053.  If the Commissioner ignores or
fails to properly refute a treating physician's testimony, as a matter of law that testimony
must be accepted as true. McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216.  The
Commissioner's reasons for refusing to credit a claimant's treating physician must be
supported by substantial evidence. See McGregor, 786 F.2d at 1054; cf. Hale v. Bowen,
831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a
claimant's subjective pain testimony must be supported by substantial evidence).

## DISCUSSION

In the present case the plaintiff alleges disability due to lymphedema and
chronic back and neck pain.  She was treated for these conditions by Dr. Rodney Morris
over a long period of time.  Throughout 2006 Dr. Morris prescribed Lortab 10 and Soma
to treat her pain. In January 2007 Dr. Morris referred the plaintiff to a pain clinic for
treatment.

On January 11, 2007, the plaintiff was seen by Dr. Aggarwal, a pain
management physician.  He started the plaintiff on methadone for pain management and

4

she was given Lorcet for breakthrough pain and Soma for muscle spasms. Record 308.

She returned to the pain clinic on January 25, 2007, reporting that methadone made her

excessively sedated.  Dr. Aggarwal discontinued methadone and started the plaintiff on

MS Contin.  On February 1, 2007, the plaintiff reported to Dr. Aggarwal that she wished

to discontinue the morphine because it was not helping.  She told Dr. Aggarwal that she

wished to return to the methadone because it worked better.  Dr. Aggarwal discontinued

morphine, returned her to methadone, and stated that she should continue Lortab 10 and

Soma as previously.

The plaintiff returned to Dr. Morris on April 4, 2007, for a check up.  On

April 16, 2007, Dr. Morris wrote a letter stating: "I feel the only type of job she is able to

due [sic] is a sit down job.  Due to her multiple health problems it is my recommendation

she not work more than 20 hours per week."  Record 348.  The plaintiff saw Dr. Morris

on May 24, 2007.  It was noted that Dr. Aggarwal was prescribing OxyContin and Lortab

10.  On July 19, 2007, Dr. Morris refilled the plaintiff's prescription for Lortab 10 and

Soma.

The ALJ refused to credit Dr. Morris's opinion that the plaintiff should not

work more than 20 hours per week due to her medical conditions.  The reason given by

the ALJ was that "his treatment records have not supported this level of impairment."

Record 23.  This finding is not supported by substantial evidence.  Dr. Morris treated the

plaintiff with strong narcotic pain medication for an extended period of time.  He also

referred the plaintiff to a pain clinic, where her pain was treated with methadone and MS

Contin.  Therefore, contrary to the ALJ's assertion, Dr. Morris's treatment notes are consistent with his opinion that the plaintiff should work no more than 20 hours per week.

The ALJ also stated in his decision that Dr. Morris's limitations "are not supported by the objective findings reported in the consultative physical examination performed by Dr. Lary."  Record 23.  However, a review of Dr. Lary's report shows that it supports Dr. Morris's opinion.  On examination Dr. Lary found the following:  "There is  significant degree of brawny edema in both legs and feet, with gross swelling that does not pit very well to digital pressure.  The leg edema is worse in the right leg.  There is some redness of the skin of the right shin."  Record 233.  Dr. Lary's diagnoses included chronic brawny edema, and chronic back and neck pain.  Record 234.  Dr. Lary stated as follows:  "In my opinion, her ability to sit, stand, walk, lift, carry, bend, and squat is significantly impaired by her chronic lymphedema of both lower extremities."  Record 234 (emphasis added).  The ALJ stated that considerable weight was given to Dr. Lary's opinion.  Record 23.  Had the ALJ actually given Dr. Lary's opinion considerable weight, he would have concluded that it supported Dr. Morris's opinion that the plaintiff was unable to perform full-time work.  Dr. Lary observed on examination significant brawny edema in both legs and opined that the plaintiff's lymphedema significantly impaired her ability to perform a wide variety of work activities.

Dr. Morris's opinion that the plaintiff is restricted to no more than 20 hours of sedentary work per week is supported by his treatment notes and the examination and report of the Commissioner's consultant, Dr. Lary.  The reasons recited by the ALJ for

refusing to credit Dr. Morris are not supported by substantial evidence in the record. Accordingly, Dr. Morris's opinion must be accepted as true.

In this circuit, an inability to engage in full time work normally requires a finding of "disabled." <u>Johnson v. Harris</u>, 612 F.2d 993, 998 (5th Cir. 1980)("It has been held that a physical limitation which prevents a claimant from working a full work-day, minus a reasonable time for lunch and breaks, constitutes a disability within the meaning of the Act.");[1] <u>Smith v. Schweiker</u>, 646 F.2d 1075, 1081(5th Cir. June 4, 1981)("[T]his Court unequivocally held that a 'physical limitation which prevents the claimant from working a full work day, minus a reasonable time for lunch and breaks, constitutes a disability within the meaning of the Social Security Act.'" (quoting <u>Johnson v. Harris</u>)). <u>But</u> <u>cf.</u> <u>Kelly v. Apfel</u>, 185 F.3d 1211, 1215 n. 4 (11th Cir. 1999) ("We save for another day the question of the relevance of part-time work at Step Five . . . .").

It is the Commissioner's position in this circuit that only an ability to do full-time work will prevent a finding of disabled at step five.  <u>Kelly</u>, 185 F.3d at 1214 ("In other words, at Step Five, the government's present representation is that only an ability to do full-time work will permit the ALJ to render a decision of not disabled.")  The <u>Kelly</u> court noted that this position is based upon Social Security Ruling 96-8p:

> That ruling provides that the relevant concept at Step Five is the residual functional capacity to perform work on a "regular and continuing basis."

---

[1]    In <u>Bonner v. City of Prichard</u>, 661 F. 2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Social Security Ruling 96-8p.  "A 'regular and continuing basis' means 8
hours a day for 5 days a week, or an equivalent work schedule."  Id.

Kelly, 185 F.3d at 1214.  Therefore, if the plaintiff cannot perform her prior work, the

burden is on the Commissioner at step five to show that the plaintiff can sustain full-time

work.  If the Commissioner fails to carry this burden, the plaintiff must be found disabled.

In the present case the plaintiff's treating physician, Dr. Morris, restricted

the plaintiff to no more than 20 hours of sedentary work per week.  The reasons

articulated by the ALJ for refusing to credit Dr. Morris are not supported by substantial

evidence.  Therefore, under the law of this circuit Dr. Morris's opinion must be accepted

as true.  The plaintiff is unable to sustain full-time work and the Commissioner failed to

carry his burden at step five of showing the plaintiff could perform other work.

Accordingly, the plaintiff is disabled within the meaning of the Social Security Act.

An appropriate order remanding the action with instructions that the

plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

DONE and ORDERED 17 November 2009.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

8